Good afternoon, Council and my colleagues. It's a beautiful sunny day in New Jersey. We hope you're well. And we're going to hear arguments on the DLJ Mortgage Capital v. Sheridan case. Council for Appellants, we'll be happy to hear you now. Thank you. Good morning to the honorable panel. May it please the Court. My name is Nemosha Boykin of the Boykin Law Firm on behalf of Appellant Lloyd Sheridan. May I reserve four minutes for rebuttal, please? Yes, indeed. Four minutes it is. Please continue. Thank you. The resident of St. Thomas, Lloyd Sheridan, and his then-wife, Anna Sheridan, sought to obtain a loan to purchase land on St. Croix. The terms of the loan that were offered didn't come affordable to them, but nonetheless, the loan was approved, and the Sheridans were ultimately given a loan, initially for $725,000, paid by a mortgage on their primary residence and another piece of real property that they owned. The Sheridans had difficulty making monthly payments, and ultimately, this case ensued. Mr. Sheridan was made aware at a certain point in time of the Truth in London Act, and he sought to advance claims and defenses pursuant to that Act. I'm going to beg your pardon and interrupt, not because I don't enjoy a recitation of the facts, but let's assume for a moment, please, that we're all familiar with them. Let me ask a question of you, if I may. Is there any basis to conclude that the IRS is a nominal party here? No, not in this case. In this case, the IRS was actually a necessary and a very significant party. As the court will know, the IRS was added to this case by the plaintiff as a defendant, because they had a lien on the property. The IRS was ultimately set up to be a junior lien holder, and they had to resolve their priority, not only with DLJ, but they also had to enter into a separate agreement with Mr. Sheridan to resolve their ability to enforce their lien against him and enter into a payment plan. So, in terms of the IRS's standing in this dispute, it was very significant to the extent that the IRS actually knew that with John not participating in the trial, and the district court compelled them to stay in this proceeding. So, clearly, the IRS was an instrumentality of the government of the United States, was a necessary part of this proceeding, and the 60-day jurisdictional period didn't necessarily apply because of the IRS's presence in that case. For this court to hold otherwise would really just cause confusion among litigants, particularly in an instance such as this, where on one hand, you have a court saying, no, IRS, your presence is so important in this case, that you cannot withdraw, and you must participate in the trial, to now come up on appeal, where the appellee is claiming that the IRS was just a nominal participant in this case. And, for this, I know that the appellee relied on case law to support the contention that, again, the IRS is a nominal party, but that case law cited by the appellee is, in fact, wholly distinguishable from the case in this case, where in that case, Virginia, last case, the party actually had no dispute with the government instrumentality. It's the court that caused the government to be a defendant in that case. And I can pick up on one point since we're talking about parties and who should be parties and who shouldn't be parties. I believe early on, maybe not in your reply brief, but I think at one point in time, you argued that the First Bank of Puerto Rico was an indispensable party. Is that still your assertion? It is, and that actually goes to the heart of this case, Your Honor, because the different endorsements in this case ultimately create an imperfect chain of title, and it's the problems with that chain of title that make First Bank a necessary party to this dispute. So this mortgage note actually originated with First Bank, and if the court looks at Appendix Volume 2, page 340, it looks at Exhibit 4 that was presented and admitted in that trial, and that exhibit is an endorsement to Federal Home Loan Bank of New York. There's no corresponding endorsement from Federal Home Loan Bank. So just that – I mean, wait a second. I don't think that there's a rule of federal law that says every time you've got a chain of title or a chain of custody dispute, every person who's ever alleged to have title or custody is an indispensable party to the litigation. They may be indispensable witnesses. They may be really important to the case, but status as party is very different. And so what I've heard your answer say is it's a very important part of our case. It's a very important factual point, but that's not the showing needed to be an indispensable party. And so is there some sort of relief that you would seek against them, or is there something that takes them out of just being an important witness or an important source of facts and moves them into being an indispensable party to this case? Yes. The nature of case finding indispensable is because due to the chain of title, they can come back and either share it in for whatever interest they may have in these notes and mortgages. It's not clear what interest is actually held by both banks. So on that basis alone, both banks is an indispensable party. So would that mean that – so, I mean, if that's true, then that seems to suggest that there's a really, really big and broad legal principle that says any time there's a chain of title dispute, anyone at any point along that lineage is now an indispensable party because if the court got wrong, the transfer of titles or anything like that, the ultimate plaintiff or defendant would be subject to countersuit or cross-claim or some sort of new suit. Do you have any support for that? What I'm pausing would be big and broad legal principle. I mean, I'm sure we'd read about that in our civil procedure case book or anything like that if that were such an easy rule. Do you have that case? Well, it's Sheridan's contempt, Your Honor, that the rule is actually much more narrow. And the rule would lead to the effect that any time there's been an imperfect or an incomplete investment, well, basically, Your Honor – It's hard to articulate a narrow version of the rule, I think. It's kind of hard. Well, it's plain to articulate that First Bank still has an interest in its mortgage. And it's not any individual or any entity that has an interest that would have to be a necessary party. In this case, First Bank becomes a necessary party because BLJ is not clearly the real party of interest here. If the court looks at the Virgin Islands UTC, Section 3-204, it provides that for the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is part of the instrument. So the endorsement to BLJ was attached to the endorsement to Federal Home Loan Bank of New York. BLJ's witness when the homes tried to say that it was on the back of it, whether it was on the back or the front, is of no moment if you look at the Virgin Islands UTC. It's clear. It says, in the case of a special endorsement, which is an endorsement to somebody by name, that endorsement becomes payable to the identified person and can be negotiated only by the endorsement of that person. What's the evidence that the Federal Home Loan Bank had a record of this stuff? I'm sorry, can you repeat that, please? I said, what's the evidence of a recorded Federal Home Loan Bank assignment? There's no evidence that it was recorded, but there is evidence in the record that it was made. Recording just has to do with priority among competing interests. But the fact that the endorsement was made is undeniable under the UTC. The fact that you have an endorsement to this bank and there's no endorsement from this bank creates a huge chain of custody problem, a chain of title problem, that has not been resolved. And it's not because it could not be resolved. It's because BLJ decided to proceed without resolving it in a matter that, again, is similar to another case that this court decided, yes, not just recently, Adams that's cited in appellate brief where it says the flaws in these notes should have been proceeded quickly and readily cured. This isn't some extremely difficult problem. There's a clear issue where there's an endorsement here. The endorsee, Federal Home Loan Bank of New York, never endorsed its interest to anybody else. And all of the testimony at trial creates the fact that, yes, this is a valid endorsement under the Virgin Islands UTC. So because of that, several problems are created. One is that BLJ doesn't have standing. If BLJ doesn't have standing, then the district court doesn't have jurisdiction. And this is all because BLJ chose not to resolve a clear issue on the face of its chain of title, which is a breach. So we have that major issue. So didn't the district, I mean, wasn't there a full and fair opportunity to present this issue in the district court? Absolutely not. The district court heard BLJ during the case in case. Yes, Mr. Sheridan had the opportunity to cross examine, but he never had the opportunity to present his case in case. This is actually, if I may, on the same point, this is one of the few cases I've seen where judgment is entered right after the plaintiff's case in case. Do you concede that Rule 52 allows the court to make that decision? As a matter of fact, Ron, Rule 52 prohibits what the judge did. Rule 52 provides that after all the evidence has been taken and the party against whom an adverse ruling occurred from, the court can enter judgment. So Rule 52 explicitly requires the court to follow constitutional due process requirements and hear from a party who the court is considering ruling against. And the problem with what happens here is not only that there was a constitutional violation, but it makes this court's job impossible because there's an inadequate record for this court to review. This court cannot adequately assess whether there was a sufficient factual basis for the decisions made below because there's one party that did not have the opportunity to present his own witnesses, his own arguments, and his own evidence. There was evidence that was going to be presented that the court was not already aware of? Yes, both in terms of the amount of debt in dispute and in terms of DLJ's ability to enforce the mortgage inmate. And we made the court aware of that, and the court just ignored the fact that these arguments that Sarah then wanted to advance these arguments. What about the filing? I mean, there was some kind of strange procedural filings in this case, too. As I understand it, what really came up was an intention to add a fraud affirmative defense, and that that was filed very close in time. A motion to amend or for leave to amend was filed very close in time to trial. And then that wasn't ruled on at trial, so therefore that affirmative defense did not become part of the operative pleading. And so while it's very, very strange at one level to issue a directed verdict or a Rule 52 kind of hybrid directed verdict, after only one side's case, wasn't all that was telegraphed to the court that would be left with this potential to add a kind of day of or last day of, day before, fraud defense? No, Your Honor, the fraud defense emanates from the Truth in Lending Act, and regardless whether the court allowed that to proceed, Sheridan's arguments also go to, again, BLJ's ability to stand before the court and obtain release. And admittedly, there are some procedural irregularities in this case. Sheridan initially retained counsel. His counsel became quite ill, and by the time this case went to trial, had actually passed away. So Sheridan retained me before this case was scheduled to go to trial sometime in the spring of that year. Then these filings were made, you know, yes, late in the process, but in a timely manner. It's very common, as the panel knows, in the district court to file a motion to allow the pleadings to conform to the evidence. And the evidence that filed would have demonstrated certain defects on Sheridan's ability to defend under the Truth in Lending Act. Can we talk about that for one second? I'm sorry to interrupt you. I want to make sure I understand this, and it's a follow-up on Jeff's question, I believe. As the papers seem to say, there was not a response to certain discoveries, certain dispositive motions. But talk to me, if you would, please, about what was filed on the eve of trial. It was an attempt to file an amended answer, which would have added the fraud that you just alluded to, or the fraud claim that you just alluded to. The eve of trial is often broader than it conjures up. When exactly was the eve of trial? Was it the day before? I believe it may have been a couple days before, not necessarily the day before. I would have to look at the record. Okay. That's okay. Let's assume for the moment that it's two or three days before. You wouldn't quibble with the notion that it's within the court's discretion for a filing as late as that to deny a disability unless there was some extraordinary circumstance. Is that reasonable? You would agree with that proposition? That it's within the court's discretion to deny the filing? On the eve of trial, yes. That's my question. Yes. I mean, there are many things that are in the court's discretion. That's one of them. Okay. So I guess my question is, okay, it's within the court's discretion, so you want to conclude that it was an abuse of discretion not to permit that. The court obviously had an opportunity to review and digest what that was and assess what it was as well, right? I don't know. That's not clear from the record. There are many motions that were simply denied by the court. The court doesn't deny all pending motions as new. So I don't know what the basis was for the court's denial because there's none on the record. Is there any ‑‑ I'm just talking about the submission to the court at the moment with regard to fraud, and I know there was another substantive part of it as well. Is there any notion that the information recited in the amended answer that was proposed was information that had just come into the possession of this charity? No, Your Honor. It was not. There's no argument that, oh, my goodness, we just found this out, so here it is on the EBRB trial. Please let us see this. No, it was equally known to both Sheridan and to the plaintiff from the beginning of the litigation. This was just ‑‑ this motion was just Sheridan asking the court for leave to ensure that the proceedings would not see evidence that he intended to present at trial. But none of these facts were new to Eddie Heidi, who was before the court. So, again, these proceedings would not have prejudice anybody, and, in fact, they actually would have helped this case by at least allowing the first bank to participate in this proceeding, which would have facilitated the ability to confiscate First Bank on its interest and on the jurisdiction of DSEC. That deal, they sought Sheridan's submission of these documents and his motions in the M&A. They sought Sheridan's subpoena of a First Bank witness, and the district court ultimately granted the opposition. Now, ordinarily, those are people that DLJ should have gotten to this proceeding. Instead, they were omitted, and because of that, even if nothing else, even if this case isn't remanded and this court disagrees with Sheridan on everything today, there is still not marketable title to this property. I mean, the defects in the chain of title is playing on its face, and what – Forgive me for interrupting, but you keep going back to the defects in the chain of title. Now, you know, when the appellate briefing comes in, it kind of – you know, it has a different feel. It's a little removed from all the day-to-day action and everything like this. And so when I first read your brief, I got the sense that your argument under Rule 52C, that you hadn't been fully heard on an issue. I thought that was that you hadn't been heard on that fraud-slash-truth-in-lending affirmative defense that you wanted to bring on, that you did a motion on, on whatever is meant by the evil of trial, the evil of trial. And so what you're saying now is no, the issue – if I'm understanding your argument right, what you're saying is no. The actual issue that you wanted to put forth at trial was whether or not there had been an assignment that would allow the plaintiff, DLJ Mortgage Capital, Inc., to commence this foreclosure action against you. And you said that, you know, look, the plaintiff got to put on their case, but I wasn't heard on that, or my client wasn't heard on that. My client, DLJ Mortgage Capital, Inc., they're on witnesses, they're on evidence, they're on anything. It was just a quasi-directed verdict under Rule 52 without me being heard on that. Am I understanding your argument correctly, or is it just that you wanted to put on fraud evidence and try to argue from affirmative defense? No, Your Honor, and I'm sorry if I've confused the court, but I believe your initial understanding was correct. There are about four issues in this case, two of which are of major importance. The first issue of major importance for Sheridan is, of course, the defects in the tenant title. And the second issue is the constitutional violation of him not being heard on his fraud allegations under the Truth in London Act and in terms of the amount due. So those are two of the four distinct issues that Sheridan sought to present in this case. Some argument was achieved on the first issue through cross-examination of DLJ's witness, but Sheridan was completely prohibited from presenting any evidence on the second issue. Does he, in fact, dispute the assignment to DLJ from Bank Puerto Rico, the validity of that assignment? Yes, absolutely, Your Honor, because of this assignment to Federal Home Loan Bank of New York, which was affixed to the mortgage inmate transferred and clearly endorses the property to Federal Home Loan Bank of New York and is signed, that's a complete assignment under Virgin Islands law. So the only way that that interest can be transferred is with an assignment from Federal Home Loan Bank of New York, and there is no such assignment in the tenant title. So just to tease out, you're pushing, and you can finish your thoughts, so I'm really sorry if I'm interrupting, but just to make sure I've traced what you're doing correctly, you're saying there is a disputed assignment, that was our key point, and we had evidence that we wanted to put on because if there wasn't a subsequent assignment, then DLJ didn't have the ability to commence this action. Did you do a free trial statement or did you do anything like that that indicated, you know, a lot of judges say this is my will call witnesses, these are my may call witnesses, these are the exhibits I'd like to do? You typically have an exchange of exhibit lists, will call and may call witnesses, each judge does it differently, but what witnesses were you going to call, what notice did you give of this, and what exhibits did you put in the record? Because, you know, that would really help your case that you are actually going to fully and fairly litigate this if you can say, lookit, this was my whole case and I laid it out to my opponent in my free trial filing. Yes, Your Honor, we submitted our witness list, our exhibit list, summaries of the argument, all of those things were submitted to the court as required. We had pre-trial briefings, DLJ had filed a motion for summary judgment, we filed opposition, that was fully briefed. There were so many signs with the court that alerted the court to these issues. And some of the, well, the parties' witness lists, exhibit lists, and pre-trial briefings was again filed about a week before the trial, because prior to that point the parties had in fact participated in mediation with the magistrate judge and reached an agreement to settle this case in principle. The parties did not intend to go to trial, however, they alerted the court of their agreement in principle and asked the court to continue the trial so that we could investigate this mediated settlement agreement. The court said no, and then the parties were forced to make a trial. So that's how that arrived, which is another one of the issues in this case, that the Virgin Islands Code requires the parties to certify that prior to trial they made a good faith attempt to mediate. And that certification could not be made in this case because the parties actually requested the court to postpone the trial because they had in fact reached a mediated settlement agreement in principle and they wanted to afford their time to investigate the financial feasibility of that settlement. So that prerequisite to going to trial has not been met, which is another reason why this trial should not have gone forward. Is it your position that the First Bank of Puerto Rico did not make a proper assignment of its either mortgage and or note to DLJ? Is that what you're arguing, and therefore DLJ cannot enforce the mortgage and or note? Well, the evidence Sheridan wanted to submit is that First Bank of Puerto Rico made a proper assignment to Federal Home Loan Bank of New York. I thought I had seen such a document in fact in the discovery that I had a chance to review, but now you're disputing that, you're suggesting that no such document was made and therefore the assignment was improper. Is that your position? No, our position... Go ahead, go ahead, I'm sorry, go ahead. I'm sorry, if you can repeat your question, I want to make sure I'm understanding it. I thought I had seen an assignment from the First Bank of Puerto Rico, a proper assignment, duly executed, transferring mortgage and or title to DLJ as part of the record in this case, and you're suggesting that there was no proper assignment. Well, this is the problem, Your Honor. There is a quote-unquote proper assignment from First Bank to DLJ, but there is also a proper assignment from First Bank to Federal Home Loan Bank of New York. Is one an agent of the other by any chance? I beg your pardon? Did one serve as the agent for another in this transaction? That information is not on the record. We inquired as to whether Federal First Bank had previously been known as Federal Home Loan Bank or whether the mortgage servicer had previously gone by that name, and the evidence at trial revealed that Federal Home Loan Bank is a separate entity. It's not a predecessor in interest to any party to this case. So the issue is not that there isn't a proper endorsement to DLJ. The issue is that there are two proper endorsements, one to DLJ and one to this other bank, and there's no subsequent endorsement from this other bank. So as far as Sheridan is concerned, there is another party out there that has an interest in Miss Morgan's notes. There's another party out there that can sue him. There's another party out there that can call him into court and cause him to incur legal expenses. And this court stated as recently as yesterday in a precedential opinion that standing is so important that the court has to inquire of it. He responded. The court said that standing is something that it has to insure itself of as a threshold matter. And while the party, Sheridan, actually did have the opportunity to make this argument before the court, the court found that, yes, the endorsements from First Bank to DLJ were valid. The court did not make any mention of the effect of the endorsement that was also attached to Federal Home Loan Bank. And that created a jurisdictional problem that, number one, it was DLJ's job to prove, and number two, it was the court's duty to investigate as a threshold matter, like this court said yesterday in the land and mineral group. So that is essentially the heart of the issue that we're arguing with respect to jurisdiction. Okay. And that's your primary issue. There's several issues, but that's your primary issue. Well, I believe that our two primary issues are equally weighty. That's one of them. And then the other primary issue is the fact that Sheridan was not heard in terms of his fraud claims and his judgment was vented against him, which deprived him of his primary evidence without him having an opportunity to present his own evidence and witnesses and testimony in violation of the due process clause. Great. Thank you. Thank you. Judge Fitz, do you have anything further? No, I do not. Okay, great. Judge Fuentes? No, no. Thank you. Just give me a minute. I'll be right there. Wonderful. Let's hear from counsel or appellee, please.  This appeal is untimely. The notice of appeal was filed 52 days after the entry of judgment. The appellant argues that the appeal is timely because of the mere presence of the IRS as a party that triggers rule 4A's 60-day time limit. However, there is consistent precedent from a number of circuits that courts apply the 30-day rule when the United States is a party that its interest is tangential or nominal. Let me ask you this question. Let's talk about Rule 58. We could argue about whether the IRS is a nominal party. There seems to be a considerable argument that it is not a nominal party, that it is, in fact, more than that. But it would appear that Rule 58 would make any consideration of the nominal versus not nominal issue move. Tell me about Rule 58 and its application here. Well, Your Honor, Rule 58, I believe, would relate to the entry of judgment. And the judgment here provides, I believe, for one line in the judgment relating to the IRS's interest. I would note, though, that the IRS here was a passive party. Bill Day was compelled by law to include the IRS because of a junior tax lien. Let me just sharpen Judge Greenaway's point for you because what he raised is of concern to me as well. As I understand Rule 58, it says courts can issue orders all day long. It just recognizes that. It can issue an order on discovery. It can issue a scheduling order. It can issue whatever it wants. But when it's done issuing all its orders, in order for the appellate time period to start, it has to issue a judgment. And the judgment – and this is the force of Rule 58 – has to be a separate document. It cannot contain legal reasoning or it has to – our case law in resendence says it has to substantially refrain from containing legal reasoning. And so as I look at this docket, I see the district court's order, and it has a mix of things in it. As you started to explain, it has things about the IRS. It has some facts. It has some analysis. It has definite orders. There's no separate judgment that I see on the docket. And without a separate judgment on the docket, that order does not take on significance of judgment until 150 days pass under Rule 58. And this is what I think Judge Greenaway was getting at. If we add 150 days to the date of the order and now it's doubling its judgment, then most certainly this appeal was filed timely. What do you say to that? Well, I would probably be forced to concede that if that amount of time were added, that this notice of appeal is timely. My argument, or DLJ's argument, certainly would relate to the written judgment, as I would characterize it, the judgment that was entered on the record roughly a month after the bench trial in this case. And I guess without, you know, I would say conclusively I'm afraid that the judgment that was entered by the court satisfies the rule and would trigger the time period here. Okay. So, okay, very well. So if we're timely, then let's move to the substance. And Judge Fitz, thanks for the toe on the scale. It was a pinky toe, if anything. No worries. So let's move then, if I may, to the substance then. Your colleague across the aisle raises some interesting issues, one of which is that there are, in her view, clearly two proper endorsements to two different banks, which creates some liability nightmares for a client. Maybe you can speak to that initially, and then we can move to the process issue. Thank you. Yes. The quick answer to that is that there was no evidence that was adduced during the trial that establishes that there were any assignments that were made other than between First Bank to DLJ. There was one witness called at trial that actually had knowledge of the assignments. That was DLJ's representative, Ms. Holmes. She testified that there was no testimony from her that there was any assignment between First Bank and any Federal Bank of New York. And likewise, the testimony, uncontroverted from Ms. Holmes, was that there was an assignment between First Bank and DLJ of the entire interest in the note and mortgage here. There is no evidence. There's certainly no evidence that was adduced during the testimony. To the contrary, so it's difficult for DLJ. Just to pick up on that, of course there wasn't evidence introduced to the contrary. It was DLJ's case to make. They aren't going to say, oh, hi, as part of our initial case, we want to show you that other entities have title or that this note or this mortgage or somehow these instruments were endorsed to other people. I mean, it makes perfect sense to me that in a plaintiff, in a collection action or in a foreclosure action, first point would be to prove that they have valid title, that they have authorization in the instruments and that there's a default, those sorts of things. But the question is not what came in at trial, but did you see evidence in discovery? Are you aware of other endorsements to First Home Loan Bank? Because if those are out there, then it suggests that the defendant wasn't fully heard on this issue because that's the other half of the coin that would typically come out at trial. It's usually a presentation of both sides. Well, in this case, Your Honor, the documents that DLJ rested its case upon were, I believe they were even attached to the complaint, but they were served to the defendants during the discovery portion of the case. So these were documents. This was not a trial by ambush on the part of DLJ. When DLJ presented its case at trial, the defendants, Mr. Sheridan, had the opportunity and did cross-examine DLJ's witness on the stand on all of these things. So the documents that were within the knowledge of DLJ that relates to this loan, including all assignments, the history of the loan, these documents were in the hands of the defendants from the beginning of the case. And at trial, these defendants had the opportunity through counsel to question DLJ's cross-examination. So let me just tease that out, though. If the underlying allegation is that First Bank made two assignments, right, one to DLJ and one to Federal Home Loan Bank, and let's just say that somehow they'll, you know, what DLJ knows might only be about the fact that they received an assignment. They might not know. Those witnesses, it might be beyond the scope of their personal knowledge as to whether or not First Bank assigned or endorsed those notes to First Home Loan Bank before or after. So it makes perfect sense to me that DLJ doesn't know what other assignments or endorsements First Bank is making. And so the question is, why can you say that this is kind of the limits of what your witnesses can know? Why can you say that this issue was fully heard if there would be other witnesses from First Bank or from Federal Home Loan Bank or from someone else with knowledge of those things beyond the transaction that went to DLJ? Well, I think we're dealing right now in a pure hypothetical. Again, this is a case that, you know, all parties had recourse to the process of the federal rules. And there was a discovery period in this case in which the defendants could have discovered whether there were any witnesses such as the witnesses that you identified, potential witnesses that may in a hypothetical universe could have existed. But in this case, the defendants did not do so. The defendants did not identify in any sort of pretrial and for Rule 26 filing or any kind of pretrial filing of any such witnesses. I'm left with Ms. Boykin's comment that there was another document or there may be other documents out there that suggested that somebody else had a title interest in this property. Could you address that? She suggested that there was a document at First Bank or something like that, not First Bank. Another bank may be in New York or another city, some sort of interest in the property. Yes, I believe my understanding of the record here is that there was a document contained as part of an exhibit presented at trial by DLJ. I believe it was the – actually, I can't say off the top of my head which exhibit it was, but it was in a lounge. It was an endorsement. The endorsement appeared on a single piece of paper without any other indicia of what it related to. It was part of the exhibit. In my, I guess, lay opinion on it, it did not look like it appeared part of the – it was probably part of the exhibit. Importantly, though, there was no evidence that was teased out by the defense's counsel that that was establishing that that was part of this loan, or really suggesting in any way that that reflected an assignment of the note here. I think an along reflects an endorsement over of a note. And there was no evidence through testimony suggesting that there was any such assignment, and so I believe that there is no basis that there was a finding by the district judge that the assignment between First Bank and DLJ was proper. So I think on the record that exists, there is no basis to find that that finding should be disturbed. There's no clear error on the record because there was no – and again, the defendant's counsel had a full opportunity to inquire as to what that – perhaps facial irregularities there were on the face of these loan instruments. And I don't believe that there was any evidence, testimonial evidence, produced to that point, and therefore there's no – again, there's no basis, I think, for a finding at this point that the district judge made an improper – or a finding that was clearly erroneous. All right, so from your review of the record, there's no other document in the record that suggests that some other entity had an interest in this particular property other than DLJ. I – off the top of my head, no, Your Honor. I know there was a suggestion in the briefing, or perhaps even in some of the arguments below, that an interest was retained by First Bank because the assignment was – I've addressed that point in my brief. I believe that just the face of the assignment itself would refute such an interpretation. I also don't believe that Mr. Sheridan has the standing to challenge the effectiveness of that assignment between First Bank and DLJ. But to my – if Your Honor could direct me to something else in the record, I could perhaps address it. But I don't have – I'm not aware of any other document that would reflect any other interest in these loan documents other than the interest that DLJ holds. That's fine. Thanks. Well, there seems to be references in your adversary's brief that allude to the record, both with regard to Federal Home Loan Bank, First Bank of Puerto Rico, that there seems to be overlapping interest. Is your point that you're unaware of what they are, or you disagree with the conclusion? I mean, it is prominently mentioned in the brief. Yes. My position is – or DLJ's position is that there was no other assignment here, that no other entity would have an interest in the emergent mortgage, and that the assignment of the loan instrument between First Bank, the originator of the loan, and DLJ was the only assignment and was a full assignment, such that DLJ is the only entity that could claim any interest in the loan document. And I believe that that view would be very much supported by the record of this case. So can I just talk to the record of this case? Because your opponent asked to cross-examine one of your witnesses at trial, and it was a very brief cross-examination. The transcript, it takes less than maybe a full page. It extends to two pages, and it relates to this trial Exhibit 4. And it's your witness, and the question is, was there a stamp from First Home Loan Bank on this document when you received it? And your witness said, yes, there was. That stamp was on there when I received the document. And I think that – I hope I'm – this isn't a JA. 244, 245 is what's coming on here, 245, 246. And so the question is, then your opponent stops. And so the question, I guess, the inference to draw from that is, well, if when DLJ received the assignment, allegedly it was already pre-assigned to someone else, then how could that be a valid assignment to DLJ? Maybe I'm reading too much into the cross-examination, and maybe this is all just a clear error question, but I'd really like to hear your thoughts on this. Thank you. Yes, I'm referring to Exhibit 4 of the trial. It starts on Appendix 492. It looks to be – this is an amendment to the notes. And I believe this is what I was referring to earlier, a second ago, when I referred to, I think, the marking that appears on page A496. And the marking says, Pay to the Order Without Recourse First Home Loan Bank of New York by Paul Giroux. And like I said, it's – there's – you know, the stamp that appears on Appendix page 496 appears on a page with no other indicia that suggests any sort of connection to this case. And while, you know, I would suggest that the witness proffered by DLJ here works for SPS as a loan servicer who deals with many, many loans. And perhaps the document at issue here slipped into the file on error. Perhaps not. But there was an opportunity to adduce or to make a point there that I don't think – I don't think it is a permissible inference from the testimony and just from the documents themselves here, that this amounts to some endorsement of the loan instruments to some other entity. It's – there was an opportunity to delve into – to create a record on that. And to the point that Rule 52C requires before it is used to enter a judgment that the party against whom the judgment is entered be fully heard, I believe that the opportunity to be fully heard on this point was present, right here during the cross-examination of DLJ's witness. And there was – you know, there was some questioning to this, but there was no evidence adduced, I believe, from what – you know, from which the court could have – even could have ruled that there was some other assignment. So I don't even think we get to clear error. There's just – there's nothing that suggests to me that – Well, what about – you know, usually there's something done to authenticate exhibits before trial. Usually that – you know, some judges want to do it with witnesses at the time. Sometimes they do it through stipulation. Different judges are going to do this differently. Do you recall what was done with respect to the authenticity of trial exhibit four and then this last kind of floating page or not floating page? Because usually people have to say, yes, this is what the document says it is, and this document at one level speaks to your point. It's numbered. It says page 104, 204, 304, 404, and then we have this last page. It's blank, and it might not be it. But what do you recall or what do you know about how trial exhibits were authenticated at this case? I was not the trial counsel, so I don't have firsthand knowledge from which to draw on that. I do have – just my recollection of the record on the case suggested that the parties exchanged trial binders, and I believe that's done typically in the jurisdiction of the Virgin Islands before trial with the magistrate. But my opposing counsel might be able to clear up exactly what was done in this particular case, but I would assume based on prior experience that trial binders were – joint exhibits were agreed upon by the parties, placed in binders, and that process would have happened with the assistance of the magistrate prior to trial. Let me ask you another question. Speaking of the decision to terminate this case after the plaintiff's case, I really was hard-pressed to find any other case where the district court granted a Rule 52 motion at the close of plaintiff's case in chief. Do you know of any such case in your research? I did find – there's a case in this circuit, actually, Your Honor. It's the New York-Susquehanna case that was cited in the appellee's last brief, the reply brief. That was a case where the district court had a hearing, took evidence from one of the parties, began to take evidence from the other side, and then called off – and then for whatever reason the hearing was suspended. At that point, the hearing did not immediately resume. There was an eight-month period, I believe, in which the parties themselves tried to settle the case but were unsuccessful. After that eight-month period, the district court then issued an order requesting briefings from the parties, indicating to the parties that it would just rule on the record that was produced in that first hearing. So I think that there is – I would point to that case in particular. But you have to acknowledge that this is the inverse of what normally happens. Directed verdicts are already rare creatures. But usually what happens in directed verdict is that a defense stands up and says, aha, after plaintiff's case in chief, they haven't proved the elements needed for their offense, for their counts. These are the missing elements. This is the proof that they haven't given. And that's the standard mechanism for directed verdict. It's not the plaintiff putting their case on and saying, you've heard all you need to hear. How about a verdict in our favor? And so Judge Flint's case is really on to something. This is kind of a radical inversion, and even the case that you identified allowed some evidence from the defense. So I'm not trying to question trial strategy or anything, but we wouldn't be here if trial counsel would have had an extra day of trial. We wouldn't be here on this issue if there was an extra day of trial. So how exactly, since this is kind of foreign to how this rule operates, can we say that your opponent was fully heard on these issues? Well, this will be a multi-part answer if you'll indulge me. I would refer you to the language or the black letter of the rule itself, I think, and to the amendments that were made, I believe in the 90s, in order to add Rule 50C. My understanding is that the amendment was made to replace part of Rule 41B, which authorized dismissal at the close of a plaintiff's case. The plaintiff had failed to carry an essential burden of proof. But Rule 52C, I believe, makes it clear that a court in a non-jury trial can enter judgment at any time on behalf of any party. So I believe that the – No, no, I don't think that's what it says. Let's start with the words of the rule. I like that. Let's do that. If a party has been fully heard on an issue, it's not a full stop. It's a full stop for the purposes of our discussion. Sure. Now, it's difficult, you'd agree, to say that the Sheridans had, or Sheridan, I should say, had a full opportunity to be heard, right? You'd agree with that. You'd have to concede that. Yeah? Well, what I would concede is that the usage of the rule in this case is not going to be your regular application of the rule. It is, I believe, a special usage or a special juncture in the case. Beautiful. Let's assume that. Let's assume that. It's unusual, right? So that would mean that what should be the forum to pick up on what my colleagues have raised is there should be absolutely nothing for your adversary to say, because there should be, in order for the rule to work properly, it should be, this is an anomalous situation, we understand, but there was absolutely nothing that my adversary could have possibly said. Yes, and I think I would accept that. The beat came at the right time. Go ahead. Let's hear it. If I may, the law of this jurisdiction states that fully heard does not equate, however, to a right to introduce every shred of evidence. The evidence must be probative of issues that are genuinely. But it doesn't also limit fully heard to just questions of the ability to cross-examine. Right. I mean, if the question is do they have an opportunity to cross-examine all your witnesses, and if that's what fully heard means, then you prevail. But fully heard doesn't just mean you get to cross-examine the other side's witnesses, but you don't get to do anything yourself. Because in order for you to win on this, it strikes me that that's what fully heard would have to mean. And if it's a special case, you might have to start going down the road of saying, ah-ha, they made no initial disclosures to me. Ah-ha, they provided no trial exhibits. Ah-ha, they had no witnesses. They had none of these other things. Therefore, the inference is all they intended to do was cross-examine, and therefore, because that was the full scope of everything they wanted to say, they were fully heard in this rare context. But I asked your colleague, were there witnesses? He said, yes, there were. And were there exhibit lists? Yes, there were. And so I don't know how, when there was other witnesses and other exhibits, cross-examination would suffice for fully heard. Well, I don't believe that that is the case. There were no other witnesses. They could have presented testimony in a defense case, and there were no documents other than the documents that the DLJ had produced in the case. I mean, there were orders that were entered by the magistrate on motions that were referred to the magistrate by the district judge. So then why did you move to Rule 52? I mean, if there was nothing else they were going to do, just rest your case, let opposing counsel go up and say, we have no case to put on. We think we win as is based on, you know, page five of Trial Exhibit 4. I mean, trial counsel is clearly trying to prevent something from happening. Otherwise, they wouldn't have moved. They just would have said, we rest. See what the other side does. So a question to follow up on that. Is your point that they had nothing substantively to put in, or they literally had nothing to put in? You know, I would say both. I mean, there was nothing probative to put on because there were two issues. There was the issue that was disputed as to DLJ's authority to foreclose. All the evidence on that issue had come in, and the opportunity to cross-examine was afforded. There was no suggestion that the defendant, Roy Chariton, had any knowledge as to assignments that were made or anything like that, nor would there be good reason to suspect that he would. So there was nothing further to be done on that particular point. Mr. Walter, was there questioning of counsel? For example, at the end of a plaintiff's case, the judge might ask, are there any other witnesses? You have the other side, that is, the other side. But you would ask that party, do you have witnesses to present? Do you have evidence to present? Now, of course, that party would say, yes, we do. We'll be calling them shortly. In other words, is there any other evidence that the other side wants to present? But none of those questions were asked of the other party. The judge simply entered the judgment in their case. And so, I mean, that undercuts the very notion of fairness in the sense that at least you have to ask the other side, do you have evidence, do you have witnesses, et cetera. And it seems to me as you have a different version that that was not done in this case. I would submit that there was a somewhat lengthy, I guess, in comparison to the number of pages that it takes up in the transcript, that there was a colloquy between all parties, in particular the district judge and both of the sheriff's counsel, which I think was intended to both address the issues that were had been brought up during the testimony up to that point. But I believe that there was – there may not have been a direct express invitation to present additional evidence or witnesses, but I believe the judge said, is there anything else? And at that point, I believe counsel for Roy Sheridan suggested that Roy Sheridan wanted to put on a affirmative defensive fraud. And, you know, I believe that there was no – the evidence that could have been presented would not have been probative of anything that was proper at the trial. This was not a defense that was part of this case. It was a defense that was intended to be added literally the night before trial. Your characterizing, I think the point is, was he allowed to present any evidence? It was – the question was – would you restate that, Your Honor? Well, your characterizing was he would have been presented had he testified. But the question is, was he allowed to testify or was he not? Well, he – Mr. Sheridan did make the stand. So he was able to testify as to – he was examined by Dale Day's counsel. He was examined by his own counsel. And he was – But he was point as witness at that time, is that right? He was point as witness at the time, but he was – any questions that would have been appropriate as to the issue of Dale Day's standing or authority to foreclose would have been fair game. Mr. Sheridan's counsel also had the opportunity to cross-examine Dale Day's representative. He was examined around that time as well. So it sounds like what you're really making now – I mean, you haven't said this, and there's reasons counsel don't invoke this argument, but it sounds like you're kind of drifting into harmless error territory. You're saying, you know, yeah, maybe there wasn't – you know, Dale Day moved to exclude something. Otherwise, you don't move under Rule 52. You just rest. So they clearly were trying to exclude something. And so I guess what your argument is now is, well, whatever it was that was kept out was harmless in the sense of it wouldn't have changed the overall verdict. It wouldn't have done this. It wouldn't have done that. So it might have been an error, but it might have been a harmless error at best. I mean, if you don't want to kind of nominally endorse harmless error, that's fine. But I just want to kind of get a sense for, you know, not every error is reversible. Is this the sort of thing that, you know, you just sit there and say, look, even if things were excluded, it wouldn't have changed the outcome. Do you have any component of that to your argument, or is it just, no, it was perfectly fine what the judge did? You're right. I have not – that argument would not be in my brief. I would struggle to think what would be different or what a remand order in this case would consist of. I mean, I don't believe that there's anything – I don't believe that the defendant should be afforded the opportunity at the late hour to present issues of fraud. And this is fraud on the part of First Bank. This is not even fraud on the part of DLJ. This is fraud that originated in the loan origination process, apparently. There's a step that I'm wondering if you're missing in thinking through this. Was there an evidentiary hearing prior to trial in which the judge determined what would be the scope of trial? And at that hearing, did the judge determine that the only thing – the only evidence that the defense could put on would be Mr. Sheridan? I think I referred – there were motions that were filed just before trial by DLJ's counsel. The district judge referred a couple of those motions to the magistrate judge for resolution. Those included motions to exclude documents that had not previously been produced by the defendants. It also, I believe, related to a subpoena to a First Bank employee. There was a motion by a non-party First Bank to quash that subpoena. But what the magistrate ultimately found as a result of that hearing is that no documents that had not been produced up to that point would be allowed at trial. And this would – the defendants had not participated in the discovery portion of the case, so there were no documents that had been produced in discovery by the defendants to that point. And the magistrate likewise found that the First Bank witness that had been subpoenaed also could not be called because he was – again, he was noticed out of time. So there was a hearing held by the magistrate with rulings on the record, on the docket. They're part of our record, which I think would govern the scope of the trial here. And again, like I would say, I would also just point to the operative answer does not include a defense of fraud and does not include any sort of issue that relates to First Bank.  So let me just go back to the question that's still nagging at me, which is, well, okay, let's say all that's true. Why move under Rule 52? Just rest and say the rest has been excluded by the motions and limine and by the late arriving and the quashing of subpoenas, the late servicing of subpoenas. Why move under Rule 52? Like, it just strikes me as a very, very, very strange device if all the rulings were already made. Well, I think that – it's difficult for me to armchair quarterback the decisions of trial counsel in the moment, but I believe that the rule is there to – as an instrument of judicial economy and efficiency. And if you read the colloquy of the court after DLJ's – as the rest of his case, the court is struggling with the issues that were presented. It gave counsel for the defendant the full opportunity to present their positions on those points. And it asks – the district judge asks whether there's anything further to be heard. And at that point, Mr. Sheridan's counsel says that nothing except for the fraud defense. And so I believe at that point, I think the judge – Do you have a cite to the JA for that? Because that's important for me. Do you have a cite to the JA for that reference that you just made? I'm sorry to interrupt you. I want you to keep up some momentum if you need to, but I need that JA cite now too. It's JA 314. All right. So this would come at the conclusion of the bench trial. It's at the end of the transcript. After plaintiff has rested. Correct. Plaintiff has rested. At the end of what I would – I would characterize it as a lengthy colloquy between counsel relating to the question of whether judgment should be entered, whether there were any issues that would preclude the entry of judgment. The court – let me ask you this. I'm just curious, and you may have even touched upon it. Did the court say of the plaintiff, do you have witnesses to call? Do you have evidence to present? Do you have anything further to add? Did the court address the plaintiff in that fashion? The defendant in that fashion? Did the court address the plaintiff in that fashion? In other words, after the – well, after the plaintiff rested, did you ask the defendant, are there any other witnesses? Do you have anyone else to call as a witness? Do you have any evidence to present? I don't recollect a part of the colloquy that would express the question of counsel, but I would direct the court to, again, page 314, where the district judge asks – it's on page – page 314, it's line 2, Attorney Boykin, if anything else, and then going down to line 12, Ms. Boykin, also on the issue of Mr. Sheridan being able to present his affirmative defense concerning fraud. The court obviously does not take that suggestion up, but I would – I believe it was in the discretion of the district judge not to take that up. It was a matter – again, it was presented, I think, to the court at 10.30 p.m. the night before, the night before trial. Okay. You were the trial counsel, but do you know if trial counsel requested judgment at the conclusion of the plaintiff's case? My understanding of the record is that trial counsel made a motion at the request or invitation of the court. The invitation of the court? Yes, and I'm – All right, I would withdraw that. On page 273, there is a break that was – that's taken in the proceedings, and then – and then the court – the court allowed CLJ's counsel to present an argument. And the court – the court acknowledges that DLJ addressed page 272. And, Your Honor, to clarify, it appears DLJ did – page 272, DLJ, counsel states that at the conclusion of the plaintiff's case, I would like to move for a directive verdict. So that's – so I'll correct the statement that I just made, that I made earlier. Okay. Thank you. Judge Phipps, anything further? No, thank you, Judge Meehan. Judge Fuente? Thank you, Judge Meehan. I have nothing further. Very good. Counsel, thank you, and we will hear from your adversaries for rebuttal. Thank you. Thank you, Your Honor. Thank you, Your Honor. I'd just like to make two brief points for the court. The first is concerning the questions the court was just asking. If the court looks at, again, page 314 of the transcript, that is just after Sheridan finished arguing to the court, and the court is asking whether there is anything else. So at that point in time, I'm reminding the court that it didn't address the arguments concerning the case, and then the court says, is there anything else? Yes, Mr. Sheridan would like to be able to present his affirmative defense. Initially, this colloquy between the court and the parties ensued because BLJ moved for judgment as a matter of law at the close of its own case, and Anna Sheridan moved for a directive notice at the close of Plaintiff's case. The court never asked nor allowed either Anna or Will Sheridan to present their own case. Are there simultaneous motions for directed verdict? Yes. If the court looks at the record, the court will see that mentioned. But to be clear, Anna Sheridan's motion for a directed verdict was really argued as her response to, or in response to BLJ's motion for a directed verdict. So there was no clear-cut separate argument. No, no, I'm so sorry. That's not what I meant. What I meant was there was a circumstance possible at that time in which Sheridan could have received a directed verdict because Sheridan moved for directed verdict at the end of BLJ's case. Anna, yes. Oh, I'm sorry. Yeah, husband and wife were presented separately. So one Sheridan moved for directed verdict but not the other. Correct. The parties had different issues. Yeah, yeah, yeah. I have one follow-up question. Was there indeed an evidentiary hearing prior to trial in which the court laid the groundwork, if you will, for what was going to be the manner and proceeding of evidence? And at that time, was there a decision about what would be heard and what would not be heard? Yes and no. There was no hearing in terms of how the parties would proceed or generally what would and would not be heard. There was a hearing on specific motions that had been filed prior to trial. I believe BLJ's motions eliminate. So that was the nature of the hearing that was held the morning immediately prior to trial. It didn't generally instruct the parties how the trial would be conducted or generally what would and would not be admitted. It only addressed the issue of the subpoena of a first bank employee as well as certain arguments that BLJ sought to keep out. There was otherwise no instruction as to how the trial itself was going to proceed. Can I pick up on that? Let's just assume a hypothetical world where every ruling made by the district court or the magistrate judge on excluding the fraud defense, excluding the fraud from the defense, excluding the late identified, the late produced documents, the quashing of the subpoena, let's just assume that all those are spot on 100% correct. So don't fight me on that. I know you're probably chafing at the thought, but just assume that those are all 100% correct. And let's just say that the only issue left in this whole thing is whether this alone is, I don't know if that's the French pronunciation, is addition to the negotiable instrument suffices to constitute an assignment. What evidence was your clients going to put on or talk to about, assume that's the only issue left. Every other ruling narrowing down the trial was fine. What evidence were you going to put on to say, yeah, that Allonge is good or did you already have everything you need to say either that Allonge speaks for itself as the fifth page or four-page document that constitutes the assignment on its own, on its face, or do I need something else? And so I guess my question is, if that's the only question left, what evidence were you going to put on that was going to show that that Allonge either transferred that document, signed that document, or did not sign that document? Sheridan had the right to call a rebuttal witness. And if you wanted to call a rebuttal witness from the court, that's a subpoena quashing issue. Take all that off the table. Assume that every other ruling that was made was correct. If it was part of a ruling, just assume it's correct. So that still leaves some room to add something new to talk about. From what little I know about negotiable instruments, sometimes you don't need too many witnesses. You just say, read the doc. It's an authenticated doc. There has been a subsequent endorsement, and that subsequent endorsement, that's all part of negotiable instruments. People need to see them really quickly to know if it's legitimate or not. And so I guess my question is, if that's the only issue left, what else were you going to do, or did you have everything you need from the face of the document and then the testimony that you, I think, was very targeted and for a reason on your cross-examination, which you said, was that there when you got it? And the answer was, yes, that was there when I got it. What else did you need if that's the only issue left? I do believe that the document in and of itself is sufficient to prove the defect that deprived the court of jurisdiction. However, Sheridan had the right to call whatever witnesses he wanted to leave us a testimony of. And who was going to be called? Because you were tri-council. Who was going to come up next and say, that allonge means this? So my question, this is kind of touching on the harmless error point, of what exactly got excluded? What was it? Let's say we remand this and say, ah-ha, you get an opportunity to call whatever witnesses you want on just the allonge issue. It would seem kind of futile if you're like, no, no witnesses. We think it speaks for itself and we'd like to make some more arguments. Well, that can be done here and now on a clear error review. And so I guess my thought is, remand is, if we're going to send people back to have a remanded trial on, right now, the hypothetical, just the allonge issue, and you're not going to call any witnesses on the allonge issue, let's just make a decision on clear error as to whether that was an assignment or not. I do believe that the court can decide the allonge issue on the record before it. Of course, Sheridan had a right to call witnesses, and he did not, the district court's ruling did not and could not have prevented him from calling impeachment witnesses on that issue. That's true, but did you, normally you have a witness list, so the court knows in advance when witnesses are going to be called and who they are. Did you have witnesses lined up? Did you have that kind of evidence, evidence from other witnesses that you would have presented had you been given the chance to do so? Yes, the parties did present their witnesses and their exhibit list, and although DOJ represents this was not trial by ambush, this document was in fact presented to the parties for the first time on the eve of trial. When you say document, you mean what's referred to as the allonge document? Yes. I understand, and my reading of the record suggests that, it's really just a signature. It doesn't have any language that takes any position one way or the other. It's just a document that's handed onto other legal documents for signatures to appear. Am I mistaken about that? Yes, Your Honor, and I do believe the trial transcript is insightful on this point. Linda Holmes' testimony is very clear. The transfer to Federal Home Loan Bank of New York is part of the change of title, and the court mentioned it during the opposing counsel's argument when it cited to page 249 of the appendix. At that point, Linda Holmes testified that the two allonges were attached to the amended note. If the court looks at 250, she further explains that the endorsement to Federal Home Loan Bank is a stamp included on these documents, and it was included in DLJVC, the amended note. She explains that the Federal Home Loan Bank stamp was on the back of the original copy. Although she tries to characterize it as just being on the back of the original copy, she says that when there is a specific endorsement, according to the word that I use, you can see that it's signed, that is an effective endorsement, and the only person who can transfer that interest is Federal Home Loan Bank of New York. After the judge indicated that he was going to enter Rule 52 decision, you objected. I would imagine at that point you told the judge that you had evidence or witnesses that you wish to call. Am I accurate or not about that? You're accurate, and the judge just ignored those representations. And this is after the judge found that he said there's no doubt that the allonge is an endorsement of the thing that precedes it. And this endorsement, as well as the endorsement to DLJ, were together. So it's either they're all effective or none of them are effective. But the court ignored Sheridan's request for a ruling on that issue and just simply avoided the jurisdiction issue. But the point is this. If we remain, what else on this issue, let's just say it's only this issue, what other components of trial are going to happen? Assume that the first bank representative can't come. Assume that no one else can come because anyone else would have been out of time, too. Who did you have in the courtroom that was ready to testify, or who did you have subpoenaed to show up that day that was ready to testify to this issue? I think that's a good question, because if the answer is no one, then it seems that this isn't really a case that's ripe for remand, but a case that lends itself to clear error review, which is, well, maybe this allonge does mean that someone else had title, and maybe that fact that they didn't transfer the title to DLJ themselves is a problem. But that's a clear error question. So my question is, who's in the courtroom with you? Usually the witnesses sit right there, or they're subpoenaed. Correct. If they're not allowed to call a rebuttal witness from first bank, then there's nobody else who needs to call. So I don't know. I mean, at the end of the day. So in order to prevail, you have to prove then that the magistrate judge's ruling, squashing the subpoena at the first bank, was an abuse of discretion or contrary to law. And then if you prove that, then it follows from there that you weren't fully heard on the issue. No, because those are two distinct issues. The nature of the subpoena at the first bank was concerning the testimony of one specific individual who was involved with the origination of the mortgage and notes. That subpoena did not go to the issue of the allonge. So that was not before the magistrate judge. So who did you have in the courtroom with you that day that you were ready to bring on to talk about the allonge? I'll make it easy. Who on your witness list was going to get up and talk about the allonge issue? That would have to have been Mr. Sheridan and he was prevented from testifying. I thought he was on the stand. He was called his BLJ witness. He never had the opportunity to present his own case. What personal knowledge did he have about the allonge? I mean, we require percipients for witnesses. What personal knowledge did he have about that allonge that would allow him to testify tonight? That these are transfers of the mortgage that he took. But was he there when the transfer happened? Was he there when the allonge was affixed to the back page of this four-page agreement? And what did he have as a percipient witness that he would add to this issue? He could have testified to whether any other person has tried to contact him to collect on the debt. He could have testified to who has tried to contact him to collect on the debt. And those arguments are pertinent in terms of Sheridan being exposed to double liability. And again, your honor, this particular document, this stamp, was just provided to Sheridan immediately before trial. So that the district court would refuse to hear from Sheridan on the matter that would admit BLJ's last-minute filing, again, emphasizes the inequitable nature of this trial that happened. Was there anything to prevent you from raising those questions while he was on the stand? Yes. The fact that the district court refused to hear from us. Wait a minute. He was already on the stand. Is that correct? Yes, your honor. Mr. Sheridan was on the stand as BLJ's witness. And we had the opportunity to cross-examine him. If the standard is that whenever a witness is on the stand, you have the opportunity to be heard from, then this should strike fear into the hearts of all litigants. So now when I go to trial with a client, I have to think, okay, how can I speak in my case during the presentation of the plaintiff's case in chief, just in case the court refuses to hear from me? And that's not how the constitution is intended to be read. The constitution, you have a right to be heard before property is taken. But let's just make one thing clear. District judges do this every day. If a witness has testimony that can be elicited from either side, to the district judge, I'll just speak for myself, it doesn't matter who puts them on. If you want to elicit particular information from that witness, you'll be permitted to. Now the question is, are you telling us that you were precluded from eliciting from your client information, testimony, evidence, that would have been helpful to your case? Is that what you're telling us? Yes, absolutely. And the district court was alerted to that, and the district court entered judgment against Sheridan in spite of that without addressing the issue. I'm sorry, I didn't make myself clear. I beg your pardon for interrupting. My question is, when Mr. Sheridan was on the stand during the plaintiff's case, right, so this is before any ruling, were you precluded from going into particular subject areas that you would have had you put him on in your own case? Yes. In terms of the rules that govern the examination of witnesses, cross-examination is normally limited to the subject of the direct. So what you could ask Mr. Sheridan did not expand beyond the case that I'm clearly Sheridan's affirmative defense would be on the scope of that case. Okay. So you made that request and you were denied? Yes. Oh, okay. Is that part of the record in this case? Yes. Okay. You say that you didn't have this a launch beforehand. It was only recently made known to you. I mean, that's a little strange, too, because your client signed it on page 4. So, I mean, this notion that, hey, it was late-breaking, late-breaking delivery, I mean, I guess maybe you didn't know it was going to be part of a trial exhibit, but it looks like those are your client's signatures on there. Well, no, my client would not have been privy to sign it when it was transferred from one bank to another. His signature is the date that it was transferred. So you're saying it's the end. Now, here's the problem. On this Allonge, on I think it's JAP, let me see what page this is, A496, there's no date. There's absolutely no date to the Allonge. So what you're saying, though, is just definitionally my client signed first and then on the back page of that signature was this Allonge. So you're saying that Allonge couldn't have existed beforehand. Yes, because an Allonge is transferring something that already exists. So it necessarily, my client necessarily has to sign a loan before the Allonge. So I'm sorry, did the court have something for that? Okay. So in short, the constitutional magnitude of this deprivation constitutes plain error and it must be reversed. The court was correct in terms of how it should proceed that a defendant would move for judgment at the close of the plaintiff's case, and by being the exact opposite, the district court prevented my client from being meaningfully heard and limited what my client could say to the confines of the plaintiff's argument. The trial court turned the Constitution on its head, and the only thing that Sheridan is asking is that this court correct that and turn it right there. Thank you. All right. Thank you, counsel, for those arguments. We'll take the matter under advisement.